IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
CRAIG CUNNINGHAM, on behalf of himself and all    )
others similarly situated,                        )
                                                  )
                 Plaintiff,                       )
                                                  )
v.                                                )
                                                  )
GENERAL DYNAMICS INFORMATION                      )
TECHNOLOGY, INC.,                                 )
                                                  )
                 Defendant.                       )
```

FILED

MAY 1 6 2016

CLERK, US DISTRICT COURT
NORFOLK, VA

**Civil Action No.**
**1:16cv** 545 LO-TCB

## COMPLAINT

Comes now Craig Cunningham ("Cunningham" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

1.      Plaintiff is bringing this class action against General Dynamics Information Technology, Inc. ("GDIT" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

2.      Defendant, using an autodialer, caused to be made at least one (1) call to Plaintiff on his cell phone using a prerecorded or artifical-voice encouraging him to purchase a health insurance policy.  This call violated the TCPA, which prohibits the making of any advertising or telemarketing telephone calls to a residential or cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express permission of the person to whom the call is made.   For the past four years, Defendant made thousands of identical or substantially similar calls to the cellular and residential telephones of thousands of persons throughout the United States without obtaining the prior express consent of the persons being called. Accordingly, Plaintiff is bringing this class action.

## PARTIES

3.     Plaintiff is a citizen of Tennessee and resides in Nashville.

4.     Upon information and belief, GDIT is a Virginia corporation with its principal place of business located at 3211 Jermantown Road, Fairfax, Virginia 22030.

## JURISDICTION AND VENUE

5.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6.     Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which the Defendant resides.

## STATUTORY BACKGROUND

### The TCPA

7.     The TCPA generally prohibits a person from making any telephone call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1)(iii).

8.     The TCPA also generally prohibits a person from initiating any telephone call to any residential telephone line using an artificial or prerecorded voice without the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(B).

9.     Starting October 16, 2013, the TCPA generally prohibits a person from initiating or causing to be initiated any telephone call that introduces an advertisement or constitutes telemarketing using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, without the prior written

2

express written consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii), (b)(1)(B); 47 C.F.R. §§ 64.1200(a)(1)(iii), (a)(2).

10. Starting October 16, 2013, the TCPA generally prohibits a person from initiating any telephone call, using an artificial or prerecorded voice to deliver a message, that is made for a commercial purpose, and introduces an advertisement or constitutes telemarketing, to any residential telephone line, without the prior express written consent of the called party. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. §§ 64.1200(a)(3).

11. The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). *Accord* 47 C.F.R. § 64.1200(f)(2).

12. The TCPA defines the term "advertisement" as "any material advertising the commercial availability or quality of any property goods, or services." 47 C.F.R. § 64.1200(f)(1).

13. The TCPA defines the term "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

3

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## DEFENDANT'S ILLEGAL CONDUCT

15.     Upon information and belief, on December 2, 2015, Defendant, without Plaintiff's prior express consent, used an automatic telephone dialing system, within the meaning of the TCPA, made, initiated and/or caused to be initiated a telephone call to Plaintiff's cellular telephone number, which was and remains 615-331-7262, and left the following message with a prerecorded or artificial voice: "Hello, this is an important message from healthcare.gov. The deadline to enroll in a 2016 health insurance plan is coming soon. You may be able to qualify for financial help to make health insurance more affordable. With financial help, most people can find plans for $75 or less per month. Visit healthcare.gov today to see how much you can save. If you have questions, you can call the health insurance marketplace to talk to a trained enrollment specialist at 1-800-318-2596. That's 1-800-318-2596. We are available 24 hours a day and the call is free. Don't forget, the deadline to enroll is Tuesday, December 15. If you've already taken action, and have 2016 health coverage, please ignore [inaudible]. Thank you. Goodbye."

16.     Plaintiff believes that an automatic telephone dialing system within the meaning of the TCPA was used to make the above-described call to Plaintiff's cell phone because the prerecorded/artificial voice message was generic, impersonal and was aimed at a mass audience to convince people to purchase health insurance plans.

4

17.     Plaintiff suffered concrete harm as a result of the above telephone call in that the telephone call tied up Plaintiff's telephone line, invaded Plaintiff's privacy and wasted Plaintiff's time.

18.     On December 2, 2015, within minutes of receiving the above telephone call, Plaintiff called the telephone number mentioned in the above-described message and learned from the person who answered the call that it was Defendant who had made, initiated and/or caused to be initiated the above telephone call to Plaintiff's cellular phone.

19.     Upon information and belief, over the last four years, Defendant, using an automatic telephone dialing system within the meaning of the TCPA, and/or an artificial or prerecorded voice, made thousands of telephone calls to cellular telephones and residential telephones of thousands of persons throughout the United States, without having received prior express consent from the called parties, to deliver messages identical or substantially similar to the message described above that Defendant left for Plaintiff.

20.     Upon information and belief, from October 16, 2013 to the present, Defendant, using an automatic telephone dialing system within the meaning of the TCPA, and/or an artificial or prerecorded voice, initiated or caused to be initiated thousands of telephone calls to cellular and residential telephones of thousands persons throughout the United States, without having received prior express written consent from the called parties, that included or introduced messages that were identical or substantially similar to the message described above that Defendant left for Plaintiff.

## CLASS ALLEGATIONS

21.     Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for

Defendant's violations of the TCPA.

22.     Plaintiff seek to represent two classes of individuals ("the Classes") defined as follows:

**Class A:** All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom, without obtaining the persons' prior express consent, Defendant, using an automatic telephone dialing system as defined in the TCPA, and/or an artificial or prerecorded voice made, initiated and/or caused to be initiated any calls to the persons' cellular telephones or residential telephones, that delivered a message identical or substantially similar to the message described above that was left for Plaintiff.

**Class B**: All persons in the United States, from October 16, 2013, through the date of the filing of the instant Complaint, to whom, without obtaining the persons' prior express written consent, Defendant, using an automatic telephone dialing system as defined in the TCPA, and/or an artificial or prerecorded voice, made, initiated and/or caused to be initiated any calls to the persons' cellular telephones or residential telephones that delivered a message identical or substantially similar to the message described above that was left for Plaintiff.

23.     Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Classes' members through this class action will benefit both the parties and this Court.

24.     Upon information and belief Classes A and B contain at a minimum thousands of members.

25.     Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to

6

Defendant's call records.

26.     Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

27.     Typicality: Plaintiff's claims are typical of the claims of the members of the Classes. The claims of the Plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

28.     Defendant, using an automatic telephone dialing system within the meaning of the TCPA, and/or an artificial or prerecorded voice, made, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of class A, without obtaining the called parties' prior express consent, that delivered a message identical or substantially similar to the message described above that was left for Plaintiff.

29.     Defendant, using an automatic telephone dialing system as defined in the TCPA, and/or an artificial or prerecorded voice, made, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of Class B, without obtaining the called parties' prior express written consent, that delivered a message identical or substantially similar to the message described above that was left for Plaintiff.

30.     Common Questions of Fact and Law: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

31.     The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of using an automatic telephone dialing system within

7

the meaning of the TCPA, and/or an artificial or prerecorded voice, to make, initiate or cause to be initiated at least one telephone call to Plaintiff and each member of Class A, without obtaining the called parties' prior express consent, that delivered a message identical or substantially similar to the message described above that was left for Plaintiff, violated the TCPA?

(b) Whether Plaintiff and the members of Class A are entitled to statutory damages from Defendant under the TCPA?

(c) Whether Defendant's violations of the TCPA were willful or knowing?

(d) Whether Plaintiff and the members of Class A are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(e) Whether Plaintiff and the members of the Class A are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

32.    The questions of fact and law common to Plaintiff and Class B predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of using an automatic telephone dialing system as defined in the TCPA, and/or an artificial or prerecorded voice, to make, initiate and/or cause to be initiated at least one telephone call to Plaintiff and each member of Class B, without obtaining the called parties' prior express wirtten consent, that delivered a message identical or substantially similar to the message described above that was left for Plaintiff, violated the TCPA?

(b) Whether Plaintiff and the members of Class B are entitled to statutory damages from

Defendant under the TCPA?

(c) Whether Defendant's violations of the TCPA were willful or knowing?

(d) Whether Plaintiff and the members of Class B are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(e) Whether Plaintiff and members of the Class B are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

33.    Adequacy of Representation:    Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes. Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts and class action litigation.

34.    Superiority:    A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and

expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

35.    Injunctive Relief: Defendant has acted on grounds generally applicable to Plaintiff and members of Classes A and B, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of Classes A and B as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

36.    Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

37.    By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of Class A.

38.    Accordingly, Plaintiff and the members of Class A are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease their violations of the TCPA.

39.    If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of Class A request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION

40.    Plaintiff repeats each and every allegation contained in all of the above

paragraphs and incorporates such allegations by reference.

41.     By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of Class B.

42.     Accordingly, Plaintiff and the members of Class B are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering Defendant to cease its violations of the TCPA.

43.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of Class B request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $3,750,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.     An order certifying the Classes and appointing Plaintiff as the representative of the Classes and appointing the law firms representing Plaintiff as counsel for the Classes;

B.     An award to Plaintiff and the members of Class A of more than $5,000,000 against Defendant for their violations of the TCPA;

C.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of Class A request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D.     An injunction against Defendant, on behalf of Plaintiff and the members of Class

Case 1:16-cv-00545-LO-TCB Document 1 Filed 05/16/16 Page 12 of 13 PageID# 12

A, prohibiting Defendant from violating the TCPA;

    E.    An award to Plaintiff and the members of Class B of more than $5,000,000 against Defendant for their violations of the TCPA;

    F.    If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of Class B request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

    G.    An injunction against Defendant, on behalf of Plaintiff and the members of Class B, prohibiting Defendant from violating the TCPA;

    H.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
May 16, 2016

Respectfully submitted,

John M. Bredehoft (VSB No. 33602)
Sharon Kerk Reyes (VSB No. 87701)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Phone: (757) 624-3000
Fax: (888) 360-9092
jmbredehoft@kaufcan.com
skreyes@kaufcan.com

BELLIN & ASSOCIATES LLC
Aytan Y. Bellin (Motion for Admission *pro hac vice* to be filed shortly)
50 Main Street, Suite 1000

12

White Plains, NY 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff and the Proposed Classes*